IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

YUE YANG,

                Plaintiff,

  v.

KRISTI NOEM, in her official capacity as
Secretary of Homeland Security;
TODD LYONS, in his official capacity as Acting
Director of U.S. Immigration and Customs
Enforcement, and U.S. Immigration and Customs
Enforcement,

                Defendants.

OPINION AND ORDER

25-cv-292-wmc

---

Plaintiff Yue Yang has filed a complaint for declaratory relief against Kristi Noem, in her official capacity as Secretary of Homeland Security ("DHS"), Todd Lyons, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement ("ICE"), and ICE, claiming that DHS and ICE unlawfully terminated records of her F-1 international student visa status in the Student and Exchange Visitor System ("SEVIS") *and* unlawfully revoked her visa. (Dkt. #1.) Plaintiff claims that defendants violated her right to due process and the Administrative Procedure Act ("APA") by terminating her records in SEVIS and putting her in jeopardy of unjustified, accelerated detention and deportation. Plaintiff has filed an emergency motion for a temporary restraining order, asking the court to: (1) require defendants to temporarily reinstate plaintiff's F-1 status and SEVIS authorization, retroactive to April 4, 2025; and (2) enjoin defendants from terminating plaintiff's F-1 status and SEVIS authorization after her status has been restored through the duration of this legal action. (Dkt. #4, at 3.)

The court held a telephonic hearing with counsel for all parties on April 22, 2025, during which the court entered an oral ruling on the motion for a temporary restraining order. For reasons set forth below and stated on the record at the hearing, the grant of plaintiff's emergency motion for a temporary restraining order is now confirmed in writing.

## BACKGROUND[1]

### A. Non-Immigrant F-1 Visa Status

Congress has authorized non-immigrant F-1 visas for international students who enroll in approved academic institutions. 8 U.S.C. § 1101(a)(15)(F)(i). Once admitted to the United States with F-1 status, an international student is granted permission to stay in the United States as long as they continue to meet the requirements of their visa classification by maintaining a full course of study or participating in authorized "practical training" following the completion of studies. 8 C.F.R. §§ 214.2(f)(6), 214.2(f)(10)(i). In addition, to maintain lawful status, nonimmigrant visa-holders (such as students with F-1 visas) may not engage in certain specified activity, such as engaging in unauthorized employment, providing false information to DHS, or engaging in "criminal activity." 8 C.F.R. § 214.2(e)-(g).

Criminal activity, for purposes of maintaining visa status, is defined to include instances in which a student is "convict[ed] . . . for a crime of violence for which a sentence of more than one year imprisonment may be imposed [i.e., a felony offense] (regardless of whether such sentence is in fact imposed)." 8 C.F.R. § 214.1(g). However, in Yang's case her only interaction with law enforcement involved her entering a plea of no contest on February 6, 2025, to a

---

[1] Unless otherwise indicated, the following facts are taken from plaintiff's affidavit and exhibits attached to counsel's declaration.

2

traffic violation for speeding on an expressway in Lincoln County Case No. 2024TR001476, which resulted in "forfeiture" of a monetary amount. (Anderson Decl. Ex. E (dkt. #7-5), at 1-2.) Stemming from the same incident, Yang acknowledges that she was also charged with misdemeanor Resisting/Failing to Stop in Lincoln County Case No. 2024MC000216. (Anderson Decl. Ex. F (dkt. #7-6), at 1.) However, the Lincoln County District Attorney's Office dismissed this charge by motion on February 6, 2025, after determining that there was a miscommunication between the officer and plaintiff. (*Id*.; Yang Aff. (dkt. #6) at ¶ 8.) Even if not dropped, it is highly unlikely, if not inconceivable, that Yang would or could have been charged with a felony offense, much less convicted of one.

For an international student, any of the specified actions may result in the termination of their records in SEVIS, which is a centralized database that tracks international students' compliance with their F-1 status.[2] In the absence of a student's conduct causing a status violation, ICE can *only* terminate SEVIS records under three circumstances: (1) a previously-granted waiver under 8 U.S.C. § 1182(d)(3) or (4) is revoked; (2) a private bill to confer lawful permanent residence is introduced in Congress; or (3) DHS publishes a notification in the Federal Register identifying national security, diplomatic, or public safety reasons for termination. 8 C.F.R. § 214.1(d). DHS cannot otherwise unilaterally terminate nonimmigrant status. *See Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 185 n. 100 (3d Cir. 2019). The reasons for these limitations on government action is that termination of a student's SEVIS records effectively ends a student's F-1 status and opens them up to deportation, as in this case.

---

[2] *See* About SEVIS, Dep't of Homeland Security, https://studyinthestates.dhs.gov/site/about-sevis (last visited April 22, 2025).

B. **Plaintiff Yue Yang**

Plaintiff Yang is a 21-year-old undergraduate student from the People's Republic of China, who has been enrolled full-time at the University of Wisconsin-Madison with an F-1 student visa since 2022. As of April 4, 2025, she was enrolled in the school's undergraduate business program, where she is majoring in both actuarial science and "risk management & insurance." Through hard work and after paying thousands of dollars in tuition, Yang expected to graduate one year ahead of schedule in May of this year and start Optional Practical Training ("OPT") to gain work experience as an actuarial associate in June 2025, as authorized by her F-1 student visa. She has also received offers from graduate programs at Cornell University, Columbia University, and the Johns Hopkins Carey Business School.

Nevertheless, on April 4, 2025, Yang received an email from the University of Wisconsin-Madison's International Student Services (ISS"), stating that her SEVIS record had been terminated by the U.S. Student and Exchange Visitor Program ("SEVP") operated by DHS. (Anderson Decl. Ex H (dkt. #7-8) at 1.) The reason given was as follows: "OTHERWISE FAILING TO MAINTAIN STATUS, with the explanation Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated." (*Id.*) The email further states, "A termination for this reason does not have a grace period to depart the U.S.," and "[a]ll employment benefits, including on-campus employment and any practical training you may have had authorized, end immediately when a SEVIS record is terminated. Therefore, you no longer have authorization to work in the United States." (*Id.*)

4

On April 7, 2025, Yang received an email from the United States Department of State, advising that her F-1 visa had been revoked. (Anderson Decl. Ex. M (dkt. #7-13) at 1.) Yang was further advised of the following consequences:

> Remaining in the United States without a lawful immigration status can result in fines, detention, and/or deportation. It may also make you ineligible for a future U.S. visa. Please note that deportation can take place at a time that does not allow the person being deported to secure possessions or conclude affairs in the United States. Persons being deported may be sent to countries other than their countries of origin.

(*Id*.) The email stated further that "[g]iven the gravity of the situation, individuals whose visa[s] have been revoked may wish to demonstrate their intent to depart using the CBP Home App[.]" (*Id*.) However, Yang received no communication from ICE, the university, or the State Department regarding any revocation of her visa. Moreover, she was given no warning, no opportunity to explain or defend herself, and no chance to correct any potential misunderstanding before her F-1 student visa record was terminated in SEVIS.

As a result of the termination of her SEVIS record, and resulting revocation of her F-1 visa, Yang will be prevented from completing her degree and participating in authorized OPT, absent action by this court. Yang paid $23,389.26 in tuition for the Spring 2025 semester, which she stands to lose because of the defendants' actions. In total, she has paid more than $132,900.00 for her education at UW-Madison. Yang also reports that the psychological impact of the situation has been overwhelming, causing her to become consumed by fear and anxiety every moment of the day. She is scared to go to class or go out in public because she is afraid that she will be arrested by ICE, detained, and deported at any moment. Yang states further that she is struggling to fathom how all of this could be happening based on one speeding ticket.

OPINION

Plaintiff contends that defendants terminated her SEVIS record unlawfully in violation of the APA because she has not engaged in any specified activity defined in 8 C.F.R. § 214.1(e)-(g). She alleges the following specific claims: (1) violation of the APA, 5 U.S.C. § 706(2)(A), (C)&(D), by failing to properly enforce and administer the Immigration and Nationality Act and its implementing regulations; (2) violation of the APA, 5 U.S.C. § 706(2)(B), by terminating her SEVIS record on improper grounds without prior notice and an opportunity to be heard in violation of the Fifth Amendment right to due process "contrary to constitutional right, power, privilege, or immunity"; and (3) violation of the APA, 5 U.S.C. § 706(2)(A), because the agency action failed to articulate the facts that formed a basis for their decision, and acted in a manner that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." (Dkt. #1, at ¶¶ 114-133.)

## I. Motion for Temporary Restraining Order

Plaintiff moves for a temporary restraining order on the grounds that defendants have unlawfully terminated her SEVIS record. (Dkt. #5, at 2-3.) The standard for determining whether a temporary restraining order or preliminary injunction is appropriate is the same. *See Planned Parenthood of Wis., Inc. v. Van Hollen*, 963 F. Supp. 2d 858, 865 (W.D. Wis. 2013) (citing *Winnig v. Sellen*, 731 F. Supp. 2d 855, 857 (W.D. Wis. 2010)). "As a threshold matter, a party seeking a preliminary injunction must demonstrate (1) some likelihood of succeeding on the merits, and (2) that it has 'no adequate remedy at law' and will suffer 'irreparable harm' if preliminary relief is denied." *International Ass'n of Fire Fighters, Local 365 v. City of East Chicago*, 56 F.4th 437, 446 (7th Cir. 2022) (quoting *Cassell v. Snyders*, 990 F.3d 539, 544-45 (7th Cir. 2021)). If the movant makes this showing, the district court must then consider two additional

factors: "the irreparable harm the non-moving party will suffer if preliminary relief is granted, balancing that harm against the irreparable harm to the moving party if relief is denied" and "the public interest, meaning the consequences of granting or denying the injunction to non-parties." *Id*.

### A. Reasonable Likelihood of Success

As discussed, Yang's SEVIS record appears to have been terminated for a speeding ticket that resulted only in a forfeiture. Wis. Stat. §§ 346.57(4), 346.60. In Wisconsin, conduct punishable only by a forfeiture is not a crime, much less a violent felony. Wis. Stat. § 939.12. As noted above, a non-immigrant visa-holder such as an F-1 international student fails to maintain status, and their visa may be terminated, on the grounds of "criminal activity," if convicted of a "*crime* of violence for which a sentence of more than one year imprisonment may be imposed (regardless of whether such sentence is in fact imposed)." 8 C.F.R. § 214.1(g).

While Yang was also charged with "Resisting/Failing to Stop" in violation of Wis. Stat. § 346.04(2t), (Anderson Decl. Ex. F (dkt. #7-6), at 1), that statute provides as follows:

> No operator of a vehicle, after having received a visible or audible signal to stop his or her vehicle from a traffic officer, federal law enforcement officer, or marked or unmarked police vehicle that the operator knows or reasonably should know is being operated by a law enforcement officer, shall knowingly resist the officer by failing to stop his or her vehicle as promptly as safety reasonably permits.

Wis. Stat. § 346.04(2t). Even if convicted under this provision, which is a "misdemeanor U," the penalty is a fine or imprisonment for not more than 9 months or both. Wis. Stat. § 346.17(2t). This charge, which the court hastens to note was dismissed by the prosecutor in any event, would also have failed to qualify as criminal activity under 8 C.F.R. § 214.1(g) also

7

not being a crime of violence or an offense that could result in a sentence of more than one year.

Accordingly, plaintiff Yang as shown a substantial, if not overwhelming, likelihood of success on the merits of her claim that defendants violated the APA by summarily terminating her F-1 student status in SEVIS without cause. Specifically, based on the record currently before the court, Yang is likely to show that ICE's termination of her F-1 student status was not in compliance with 8 C.F.R. § 214.1(d) and was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law under 5 U.S.C. § 706(2)(A). *See Isserdasani, v. Noem*, No. 25-cv-00283-WMC, 2025 WL 1118626, at *5 (W.D. Wis. Apr. 15, 2025) ("Specifically, based on the record currently before the court, Isserdasani is likely to show that DHS's termination of his F-1 student status was not in compliance with 8 C.F.R. § 214.1(d) and was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law under 5 U.S.C. § 706(2)(A)."); *see also Liu v. Noem*, No. 1:25-cv-00133-SE, Dkt. No. 13 at 3 (D.N.H., Apr. 10, 2025) ("Based on the record before the court, Liu is likely to show that DHS's termination of his F-1 student status was not in compliance with 8 C.F.R. § 214.1(d) and was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."); *John Roe, et al. v. Noem*, No. 25-cv-40, 2025 WL 1114694, at *3 (D. Mont. Apr. 15, 2025) ("Therefore, the Court finds that Plaintiffs are likely to succeed on the allegation that Defendants' termination of Plaintiffs' F-1 student status under the SEVIS is arbitrary and capricious, an abuse of discretion, contrary to [a] constitutional right, contrary to law, and in excess of statutory jurisdiction.").

### B. Irreparable Harm and Adequacy of Remedy at Law

Yang also faces possible devastating irreparable harm due to the termination of her F-1 student record in SEVIS, which will prevent her from completing her double-major business degree just weeks away from her expected graduation from a premier academic institution. As multiple courts facing similar motions to enjoin the termination of students' F-1 status have recognized, the loss of timely academic progress alone is sufficient to establish irreparable harm. *Doe v. Noem*, No. 3:25-cv-00023, 2025 WL 1161386, at *6 (W.D. Va. Apr. 21, 2025) (citing *Isserdasani*, 2025 WL 1118626, at *5; and *Liu*, No. 25-cv-133-SE, Dkt. No. 13 at 4); *see also Doe v. Noem*, No. 2:25-cv-00633, 2025 WL 1141279, at *8 (W.D. Wash. Apr. 17, 2025) (collecting cases holding that interruption of educational programs or progress, including loss of opportunity to participate in post-graduate education programs, can be irreparable harm). Given the amount of Yang's educational expenses and potential losses from having to leave the United States without obtaining her degree, the court concludes that Yang credibly demonstrates that she faces irreparable harm for which she has no adequate remedy at law in the absence of injunctive relief. *See Jie Fang*, 935 F.3d at 183-85. Of course, the government has further shown its hand by revoking Yang's F-1 student visa, apparently based on the same flimsy grounds, which it is also enjoined from acting on until Yang has an opportunity to be heard.

### C. Balancing Analysis

Where a plaintiff satisfies the threshold requirement for a preliminary injunction, courts weigh "the irreparable harm the moving party will endure if the preliminary injunction is wrongfully denied versus the irreparable harm to the nonmoving party if it is wrongfully

9

granted." *K.C. v. Individual Members of the Medical Licensing Bd. of Indiana*, 121 F.4th 604, 632 (7th Cir. 2024) (citations and internal quotation marks omitted). "This is a sliding scale -- the more likely [the moving party] is to win, the less the balance of harms must weigh in his favor; the less likely he is to win, the more it must weigh in his favor." *Id*. at 633 (alteration in original). Part of this balancing process includes evaluating the public interest and the effects the preliminary injunction -- and its denial -- would have on nonparties. *Id.*

For reasons set forth above, Yang has demonstrated more than a reasonable likelihood of success on her claim that her F-1 international student SEVIS record was wrongly terminated in violation of agency regulations. Moreover, the marginal harm, if any, to defendants does not begin to equate with the likely harm to plaintiff. Likewise, the public, which includes the taxpayers of the State of Wisconsin, has an overriding interest in seeing that students at the University of Wisconsin are able to be educated and obtain degrees earned with both sweat equity and tuition payments, unless there is a *good reason* to deny either. This is a contract between the State of Wisconsin and its students. So far, defendants have offered nothing to suggest that Yang is undeserving of a degree after years of effort and payment of tuition, much less that she should be subject to deportation from the United States before completing her degree.

Accordingly, the court concludes that all relevant factors favor plaintiff.

ORDER

IT IS ORDERED that:

1) Plaintiff Yue Yang's motion for a temporary restraining order (dkt. #4) is GRANTED as set forth below.

2) Pending a preliminary injunction hearing, defendants (1) shall restore plaintiff Yue Yang's F-1 student record in the Student and Exchange Visitor System ("SEVIS") and are enjoined from terminating it; (2) are enjoined from directly or indirectly enforcing, implementing, or otherwise taking any action or imposing any legal consequences as the result of the decision to terminate her SEVIS records on April 4, 2025, including detaining or transferring plaintiff out of this court's jurisdiction, or ordering the detention or transfer of plaintiff out of this court's jurisdiction; and (3) are prohibited from initiating removal proceedings against or deporting plaintiff on the basis of the April 4, 2025 termination of her F-1 student visa record.

3) The court will hold a preliminary injunction hearing at 10:00 a.m. on Wednesday May 14, 2025.

4) Plaintiff shall file proposed findings of fact consistent with the court's procedures for preliminary injunctions by Monday May 5, 2025. Defendants may file under the same procedures by May 9, 2025.

Entered this 22nd day of April, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge